UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GABRIEL CASSELL,

        Plaintiff,

v.

OLIVIA JASSAH CASSELL, and EVELYN WALKER,

        Defendants.

Civil 08-5368 (MJD/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff commenced this action by filing a complaint and an application for leave to proceed in forma pauperis, ("IFP"). The Court examined Plaintiff's IFP application, and determined that he had not adequately demonstrated that he is indigent and unable to pay the filing fee prescribed by 28 U.S.C. § 1914(a). The IFP application was therefore denied. (See Order dated October 8, 2008; [Docket No. 3].)

The order denying Plaintiff's IFP application informed him that he could still maintain this action, as a NON-IFP litigant, if he paid the statutory filing fee within twenty (20) days. Plaintiff was advised that if he did not pay the full filing fee within the time allowed, the Court would recommend that this action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

The deadline for paying the filing fee, as set by the Court's prior order, has now expired. However, Plaintiff has not paid the required fee, and he has offered no excuse for his failure to do so. Indeed, Plaintiff has not communicated with the Court at all since he filed his complaint and IFP application. Therefore, it is now recommended, in accordance with the Court's prior order, that Plaintiff be deemed to have abandoned this action, and

that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.


Dated:  November 3, 2008         s/ *Jeanne J. Graham*
                                                               JEANNE J. GRAHAM
                                                               United States Magistrate Judge


Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **November 17, 2008**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.